**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

RAEVON TERRELL PARKER,                )
                                      )
            Plaintiff,                )
                                      )
      v.                              )          No. 4:25-cv-00949-HEA
                                      )
SARAH E. PITLYK,                      )
                                      )
            Defendant.                )

**OPINION, MEMORANDUM AND ORDER**

Raevon Terrell Parker, a self-represented detainee at the St. Louis City Justice Center, brings this case under 42 U.S.C. § 1983 against the Honorable Judge Sarah E. Pitlyk. (ECF No. 1). For the reasons discussed below, the Court grants Parker's motion for leave to proceed *in forma pauperis* (ECF No. 2) and dismisses this action under 28 U.S.C. § 1915(e)(2).

**I.      Filing Fee**

Generally, a party must pay a filing fee when initiating any civil action, suit, or proceeding in this Court. 28 U.S.C. § 1914. However, courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis* or "IFP." To obtain IFP status, a non-prisoner litigant must submit an affidavit demonstrating his or her inability to pay the filing fee. *Id*. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different requirements apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will

assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of the preceding month's income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison forwards these payments to the Court whenever the prisoner's account balance exceeds $10. *Id*. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Parker has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in his motion, the Court finds that a $1.00 filing fee is reasonable under the circumstances. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Parker is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

## II.    Legal Standard

Because Parker is proceeding IFP in this matter, the Court must review his complaint under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A

complaint is frivolous if it lacks an arguable basis in law or fact. *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992).

To state a claim for relief, a complaint must plead more than "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must allege facts that demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly,* 550 U.S. at 556).

When reviewing a self-represented litigant's complaint under § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Liberal construction means that, if the Court can discern "the essence of an allegation," it should construe the complaint in a way that permits consideration of the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court does not assume unalleged facts, *Stone*, 364 F.3d at 914–15, or excuse compliance with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**III.    Discussion**

Parker alleges that Judge Pitlyk violated his due process rights by dismissing his prior case and failing to address his pending habeas petitions. Because Judge Pitlyk is a federal official, the Court construes Parker's claims as arising under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Judges are entitled to immunity from suit for damages, even when accused of acting with malice or bad faith. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018). A litigant can overcome this immunity only for nonjudicial actions, or actions taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). And while a litigant may seek injunctive relief against a judicial officer for an act or omission taken in the judge's judicial capacity, such relief is only available if the judge violates a declaratory decree or declaratory relief was unavailable. *See* 42 U.S.C. § 1983; *see also Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (holding that the 1996 amendment to § 1983 applies to *Bivens* actions for injunctive relief against federal judges); *Duffy v. Wolle*, 123 F.3d 1026, 1037 (8th Cir. 1997) (noting that immunity analysis is "identical" for § 1983 and *Bivens* actions). Here, too, Parker's allegations implicate neither scenario. Accordingly, the Court dismisses Parker's claims under 28 U.S.C. § 1915(e)(2)(B)(iii).

## IV.    Conclusion

For the foregoing reasons, the Court grants Parker's motion to proceed *in forma pauperis* and dismisses this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Raevon Terrell Parker's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Parker shall, **within 30 days of the date of this order**, pay an initial partial filing fee of $1.00. He shall make the remittance payable to "Clerk, United

- 5 -

States District Court," and include: (1) his name, (2) his prison registration number, (3) the case number, and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

A separate Order of Dismissal accompanies this Opinion, Memorandum and Order.

Dated this 13th day of March, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE